UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YING CUI, et al.,

Plaintiff,

v.

AGUA FRIA SENIOR LIVING LP, et al.,

Defendants.

CIVIL ACTION NO. 26 Misc. 406 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

This miscellaneous action arises from document subpoenas (the "Subpoenas") directed to Peter T. Jensen ("Jensen") and The Jensen Law Firm PLLC (the "Firm," with Jensen, the "Jensen Parties") with respect to discovery in a civil action pending in the District of Arizona captioned Cui et al. v. Agua Fria Senior Living LP et al., No. 25 Civ. 809 (SPL) (D. Ariz.) (the "Arizona Action"). Before the Court is the motion of Plaintiffs Ying Cui, Ding Fang, Linying Xu, and Mei Xin (together, "Plaintiffs") to compel the Jensen Parties, nonparties to the Arizona Action, to respond to the Subpoenas. (Dkt. No. 1 (the "Motion")).[1] For the reasons stated below, this action is **TRANSFERRED** to the United States District Court for the District of Arizona pursuant to Federal Rule of Civil Procedure 45(f).

[1] The parties consented to have the undersigned conduct all proceedings in this action including trial, the entry of final judgment, and all post-trial proceedings. (Dkt. No. 13).

## II. BACKGROUND

### A. The Arizona Action

On March 11, 2025, Plaintiffs filed the Arizona Action asserting breach of fiduciary duty and related claims against Defendants Agua Fria Senior Living LP, Agua Fria Senior Living LLC, Mark Harnden, Douglas Hamilton, MICS Family LP, G3 Investments LP (together, "Defendants")) in connection with Plaintiffs' investments "as part of the EB-5 Immigrant Investor Program in an assisted living facility development project in Peoria, Arizona." (Arizona Action, Dkt. No. 1 ¶ 1). The Jensen Parties "represented Plaintiffs in connection with their EB-5 investor visa applications and related immigration proceedings . . . , [and] served as a liaison between Plaintiffs and [Defendant Agua Fria Senior Living LP] in connection with Plaintiffs' EB-5 investments at issue in this litigation." (Dkt. Nos. 1-1 ¶¶ 3–4; 1-2). In the Arizona Action, Plaintiffs allege that "[t]hrough a series of transactions that effectively divested Plaintiffs of their interests, Defendants have deprived Plaintiffs of their investments while retaining the benefits of those investments in the form of real property and operational assets" and seek, inter alia, "an equitable lien on the property and any proceeds from its disposition." (Arizona Action, Dkt. No. 1 ¶¶ 1–2).

On June 23, 2025, Defendants filed their answers. (Arizona Action, Dkt. Nos. 27–28). On July 23, 2025, the Honorable Steven P. Logan entered a case management plan, under which all discovery would be due by April 30, 2026 and dispositive motions due by June 15, 2026, and setting all interim discovery deadlines. (Arizona Action, Dkt. No. 42). On January 16, 2026, Plaintiffs served the Subpoenas on the Jensen Parties seeking documents in their possession, including communications with Defendants, "that are material to Plaintiffs' claims" (the "Jensen Documents"). (Dkt. Nos. 1-1 ¶¶ 3–4; 1-2).

On January 23, 2026, Judge Logan granted the parties' request to extend the deadline to serve their discovery responses to January 26, 2026. (Arizona Action, Dkt. No. 52). The parties, however, did not request to extend the April 30, 2026 discovery deadline. (Arizona Action, Dkt. Nos. 51–52). On January 27, 2026, Judge Logan granted the parties' second request to extend Defendants' deadline to serve their discovery responses to February 25, 2026 and held that the requests for admission "will not be deemed admitted." (Arizona Action, Dkt. Nos. 53–54). Plaintiffs again, however, did not seek to extend the April 30, 2026 discovery deadline. (Arizona Action, Dkt. No. 53). On February 4, 2026, Defendants filed a notice that the Jensen Parties "caused or contributed to Plaintiffs' alleged injuries and damages[,]" and stated that "Defendants seek allocation of fault to these non-parties at trial." (Arizona Action, Dkt. No. 55). On April 20, 2026, the parties requested entry of a protective order, which Judge Logan denied because the proposed protective order did not meet the threshold in Federal Rule of Civil Procedure 26(c) and "d[id] not point to any specific document that [was] entitled to protection[.]" (Arizona Action, Dkt. Nos. 59–60).

On June 17, 2026, after discovery closed, Judge Logan issued an order setting a final pretrial conference for August 5, 2026 and setting a deadline of July 15, 2026 for all motions in limine. (Arizona Action, Dkt. No. 61 (the "FPTC Order")). On July 10, 2026, more than three weeks after the FPTC Order, Plaintiffs requested an extension of the April 30, 2026 discovery deadline to July 29, 2026, along with an extension of the interim discovery deadlines. (Arizona Action, Dkt. No. 64). On August 3, 2026, the Judge Logan issued an order finding that "the parties have done very little to prosecute and defend the claims at issue here in the last five months[,]" and despite the Court granting extensions of the parties' deadlines to respond to discovery

requests, (Arizona Action, Dkt. Nos. 52; 54), the parties failed to seek an extension of fact discovery before it "ended [] on April 30, 2026." (Arizona Action, Dkt. No. 69 at 2). Judge Logan therefore construed Plaintiff's request as a request to reopen fact discovery and extended the discovery deadline to August 24, 2026 and the deadline for dispositive motions to September 14, 2026 "in the interest of justice[,]" and adjourned the August 5, 2026 final pretrial conference (Arizona Action, Dkt. No. 61). (Arizona Action, Dkt. No. 69 at 3–4 (the "Aug. 3 Order")). In the Aug 3. Order, however, Judge Logan stated that his "decision to extend the deadlines should not be interpreted to minimize the parties' flagrant disregard for the Court's deadlines and allocation of judicial resources . . . the Court will not be inclined to extend case management deadlines going forward, save for extraordinary circumstances." (Arizona Action, Dkt. No. 69 at 3).

On August 19, 2026, notwithstanding the warnings in the Aug. 3 Order, Judge Logan issued an order stating that the parties emailed the Court "that [they] have an unresolved discovery dispute" and directed the parties to meet and confer, in the first instance, and "[if] a dispute remains [], [to] file a Joint Motion for Discovery Dispute Resolution." (Arizona Action, Dkt. No. 73). The parties, however, did not do so, and therefore discovery closed in the Arizona Action on August 24, 2026. (Arizona Action, Dkt. No. 69 at 3–4).

On August 14, 2026, Defendants G3 Investments LP, Douglas Hamilton, Mark Harnden, MICS Family LP filed a motion for summary judgment, (Arizona Action, Dkt. Nos. 71–72), which Defendants Agua Fria Senior Living, LP and Agua Fria Senior Living, LLC joined on September 10, 2026. (Arizona Action, Dkt. No. 77). On September 14, 2026, Plaintiffs also filed

a motion for summary judgment. (Arizona Action, Dkt. Nos. 81–82). Both motions are pending before Judge Logan.

### B. The Motion

On August 12, 2026, less than two weeks before the August 24, 2026 discovery deadline, (Arizona Action, Dkt. No. 69 at 4), Plaintiffs filed the Motion in this District, citing the Jensen Parties' alleged failure to respond to the Subpoenas. (Dkt. No. 1).[2] On August 24, 2026, the Honorable John P. Cronan issued an order directing the Jensen Parties to "advise [] whether they consent to [the] transfer of [the Motion] to the District of Arizona pursuant to Federal Rule of Civil Procedure 45(f)." (Dkt. No. 5 at 1). On September 2, 2026, the Jensen Parties filed a letter stating that they "do not consent to transferring the [M]otion to the District of Arizona" but did not articulate a reason why the Motion should be adjudicated in this District. (Dkt. No. 8). The parties then consented to conduct all proceedings before the undersigned. (Dkt. No. 13).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "The Advisory Committee's 2013 Note to Rule 45(f) suggests that [t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas but that [i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues

[2] On August 24, 2026, the same day discovery closed, Plaintiffs filed a "Notice of Enforcement of Subpoena in Another Federal Court" in the Arizona Action, notifying the District of Arizona of this action. (Arizona Action, Dkt. No. 75).

presented by the motion or the same issues are likely to arise in discovery in many districts." Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc., No. 23 Misc. 264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023).[3] "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." Am. Plan Administrators v. S. Broward Hosp. Dist., 39 F.4th 59, 61 (2d Cir. 2022). "Courts in this District have transferred similar motions to the issuing court where the issuing court is best positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." Hilb, 2023 WL 5183690, at *1. Even where transfer of the action to the underlying action might "impose a burden or constitute prejudice" on the subpoenaed nonparties, "judicial economy and consistency considerations [may] outweigh [that] potential burden." Drummond Co., Inc. v. VICE Media LLC, No. 21 Misc. 859 (AJN), 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022).

## IV. APPLICATION

Here, transfer of this action to the District of Arizona is appropriate under Rule 45(f). Judge Logan has already established a pretrial schedule in the Arizona Action (Arizona Action, Dkt. No. 42), and extended the discovery deadline from April 30, 2026 to August 24, 2026 because of the "parties' flagrant disregard for the Court's deadlines and allocation of judicial resources" and stating that he "will not be inclined to extend case management deadlines going forward, save for extraordinary circumstances." (Arizona Action, Dkt. No. 69). Further, Judge Logan already resolved discovery disputes in the Arizona Action, (Dkt. No. 60 (denying the parties' joint motion for a protective order)), and specifically directed the parties in the Arizona Action to file

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

any discovery motions before him. (Dkt. No. 73). As to the scope of the Subpoenas, the parties agree that the Jensen Documents are relevant to the claims and defenses in the Arizona Action. (See Dkt. No. 1-1 ¶ 3; Arizona Action, Dkt. No. 55). Based on his extensive oversight of the pretrial proceedings, especially the nature and timing of discovery, Judge Logan is best positioned to adjudicate whether to enforce the Subpoenas. See Drummond, 2022 WL 445681, at *2–3 (transferring motion to compel compliance with a Rule 45 subpoena because, inter alia, the court adjudicating the complex underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

In addition, although the Jensen Parties declined to consent to transfer the Motion to the District of Arizona, they did not articulate a reason why the Motion should be adjudicated in this District. (Dkt. No. 8). Even if the transfer "impose[s] a burden or constitute[s] prejudice" on the Jensen Parties, "the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on [them]." Drummond, 2022 WL 445681, at *3.

Accordingly, in the interest of "judicial economy and [to] avoid the risk of inconsistent rulings[,]" the Motion shall be transferred to the District of Arizona. Drummond, 2022 WL 445681, at *2–3.

## V. THE EXTENSION REQUEST

The Court is also in receipt of the parties' request to extend the briefing schedule on the Motion. (Dkt. No. 14 (the "Extension Request")). In light of this Order, however, which transfers the Motion to the District of Arizona, the Extension Request is **DENIED** as moot.

## VI. CONCLUSION

For the reasons stated above, the Clerk of Court is respectfully directed to **TRANSFER** this action to the District of Arizona, close Dkt. Nos. 1 and 14, and close this case.

Dated: New York, New York
September 25, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**